UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | Case No.: 2:19-cv-02329-TLN-KJN |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT AND ORDER** |
| MUNGER BROS., LLC, a California company; CROWNE COLD STORAGE, LLC, a California company; SARBANAND FARMS, LLC, a Washington company, | |
| Defendants. | |

Plaintiff Eugene, United States Secretary of Labor, and Settling Defendants Munger Bros. LLC, Crowne Cold Storage, LLC, and Sarbanand Farms, LLC (collectively "Defendants"), have agreed to resolve the disputes between them in this civil action and consent to the entry of this Consent Judgment as provided below.

## STATEMENTS BY THE PARTIES

A. The Secretary filed a complaint alleging that Defendants violated the Migrant and Seasonal Worker Protection Act ("MSPA") and the H-2A Program under Section 218 of the Immigration and Nationality Act ("INA") as amended by the Immigration and Reform Control Act of 1986 ("IRCA").

B. Defendants waive formal service and acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive their answers and any defenses to the Secretary's Complaint.

D. Defendants agree that the Court has jurisdiction over the parties and subject matter over this civil action and that venue lies in the United States District Court for the Eastern District of California, Sacramento Division.

E. Defendants acknowledge that they and any of their officers, agents, servants, employees, successors, attorneys, and all persons in active concert or participation have notice of, and understand, the provisions of this Consent Judgment.

## JUDGMENT AND ORDER

Therefore, upon motion of the attorneys for the Secretary, and for cause shown, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the Secretary on his claims against Defendants.

### I. INJUNCTIVE RELIEF

**A. Debarment under the H-2A Program**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c), 501.20, Defendants, their officers, agents, servants, employees, successors, and all persons in active concert or participation are debarred from applying to the Department of Labor for any H-2A certifications for the period of three

years effective from March 17, 2019.

Defendants are also enjoined for three years from using the services of H-2A Labor Contractors[1] to acquire H-2A workers effective from March 17, 2019. For five years thereafter, when Defendants use the services of H-2A Labor Contractors, Defendants shall comply with 20 C.F.R. § 655.122(a), 655.135(d), and 655.153 and follow ¶¶ 22-24 below.

**B. Prohibitions on violating the H-2A Program**

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. §§ 501.16(b) & (c), Defendants, their officers, agents, servants, employees, successors, and all persons in active concert or participation are permanently enjoined and restrained from violating the H-2A program, including any of the following ways:

1. Defendants shall not, contrary to 20 C.F.R. § 655.122(a), engage in preferential treatment towards H-2A workers. Defendants shall not fail to contact or hire all potentially qualified U.S. workers, including those previously hired through farm labor contractors ("FLCs").

2. Defendants shall not, contrary to 20 C.F.R. § 655.135(d), unlawfully reject U.S workers. Defendants shall not fail to hire or delay hiring qualified U.S. workers previously employed, including those previously hired through FLCs.

3. Defendants shall not, contrary to 20 C.F.R. § 655.153, fail to contact and offer employment to all U.S. workers that worked for Defendants the previous year, including those hired through FLCs.

4. Defendants shall not, contrary to 20 C.F.R. § 655.121(a)(3), fail to include all of the employment terms and working conditions on the job order, including the actual anticipated weekly hours.

5. Defendants shall not, contrary to 20 C.F.R. § 655.122(q), fail to provide H-2A workers with a copy of the work contract or job order no later than the time at which the worker applies for the visa.

---

[1] As defined by 20 C.F.R. § 655.103(b) and 29 C.F.R. § 501.3(a).

6. Defendants shall not, contrary to 20 C.F.R. § 655.135(l), fail to post and maintain in a conspicuous place at the place of employment, a poster provided by the Secretary, the current version of which is available at https://www.dol.gov/whd/ag/ag_h-2a.htm.

7. Defendants shall not, contrary to 20 C.F.R. § 655.122(l), fail to pay the required rate of pay, including time spent waiting for transportation to and from the job site, to the extent required by applicable State or Federal law.

8. Defendants shall not, contrary to 20 C.F.R. § 655.122(i), fail to pay H-2A workers for at least three-fourths of the workdays of the total period beginning with the worker's first workday after arrival to the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date of the work contract. Defendants shall not fail to pay U.S. workers in corresponding employment at least three-fourths of the workdays as specified in this paragraph.

9. Defendants shall not, contrary to 20 C.F.R. § 655.122(j), fail to keep accurate and adequate records with respect to workers' earnings.

10. Defendants shall not, contrary to 20 C.F.R. § 655.122(k), fail to furnish workers with accurate hours (or units produced daily if paid piece rates) and earnings statements.

11. Defendants shall not, contrary to 20 C.F.R. § 655.122(d), fail to provide or secure housing that complies with the applicable housing safety and health standards for H-2A workers and U.S. workers in corresponding employment.

12. Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(4), fail to provide transportation to the workers that complies with Federal, State, or local laws and regulations, and 29 U.S.C. § 1841 and 29 C.F.R. §§ 500.105, 500.120-128.

13. Defendants shall not, contrary to 20 C.F.R. § 655.135(e), fail to comply with applicable Federal, State, and local laws and regulations.

14. Defendants, jointly and severally, shall not continue to withhold payment of $2.5 million in back wages hereby found to be due for the Subject Period under the H-2A program to U.S. Workers and H-2A workers named in the attached Exhibit A.

**C. Prohibitions on violating the Migrant and Seasonal Agricultural Worker Protection Act**

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 502 of the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA"), 29 U.S.C. § 1852, Defendants, their officers, agents, servants, employees, successors, and all persons in active concert or participation with them are permanently enjoined and restrained from violating MSPA, including any of the following ways:

15. Defendants shall not, contrary to MSPA §§ 201(a) and 301(a), 29 U.S.C. §§ 1821(a) and 1831(a), fail to disclose to all migrant and seasonal agricultural workers[2] who work for them information regarding their wages and working conditions, including rates of pay and location of work, as set forth in 29 C.F.R. §§ 500.75 and 500.76;

    a. Defendants shall require all FLCs who furnish workers to them to provide Defendants with a written list of the disclosures the FLC has made to these workers at the time of recruitment as required by 29 C.F.R. §§ 500.75 and 500.76;

16. Defendants shall not, contrary to MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), and 29 C.F.R. § 500.81, fail to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employ. Defendants shall ensure that any FLCs with whom Defendants contract include in the contract that the FLC must pay all migrant and seasonal workers all wages when due.

17. Defendants shall not, contrary to MSPA §§ 201(d)(2) and 301(c)(2), 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), and 29 C.F.R. § 500.80(d), fail to provide each migrant and seasonal employee for each pay period with an itemized written statement containing the information listed in §§ 201(d)(1) and 301(c)(1). Defendants shall ensure that any FLCs with whom Defendants contract include in the contract that the FLC must provide migrant and seasonal worker accurate wage statements.

18. Defendants shall not, contrary to MSPA §§ 202(c) and 302(c), 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), violate the terms of any employment agreements made with any

---

[2] As defined in MSPA §§ 3(8) and (1), 29 U.S.C. §§ 1802(8) and (10).

seasonal or agricultural worker. Defendants shall ensure that any FLCs with whom Defendants contract include in the contract that the FLC must not breach any employment agreements with any seasonal or agricultural worker.

19. Defendants shall not, contrary to MSPA § 402, 29 U.S.C. § 1842, and 29 C.F.R. § 500.71, hire, use, or employ any person to perform FLC activities (including recruiting, soliciting, hiring, and transporting migrant and seasonal agricultural workers) who does not possess a valid FLC or FLC Employee Certificate of Registration from the Secretary authorizing those FLC activities;

    a. Before contracting with an FLC, Defendants shall first determine which FLC activities[3] Defendants may need the FLC to perform. This includes Defendants determining whether workers may need transportation due to the distance between the employees' residence and job site.

    b. Defendants shall require all FLCs to provide Defendants with a copy of the FLC's Certificate of Registration. Defendants shall review the FLC's Certificate of Registration and verify the FLC is authorized to engage in the FLC activity the FLC would provide or perform.

    c. Defendants shall ascertain that the FLC possess a Certificate of Registration and is authorized to engaged in the FLC activities the FLC will be or is performing by checking the FLC's name at: https://www.dol.gov/whd/regs/statutes/FLCList.htm.

20. Defendants shall not, contrary to MSPA §§ 201(d)(1) & (e), 301(c)(1) & (d), 29 U.S.C. §§ 1821(d)(1) & (e), 1831(c)(1) & (d), and 29 C.F.R. § 500.80(a)-(c), fail to make, keep or maintain the specified time and pay records;

    a. Defendants shall obtain a copy of the time and payroll records, including addresses, from the FLC at the time each payroll is made, i.e., if the workers are paid for pay period January 1-7, 2019 on January 8, 2019, Defendants must receive a copy of that payroll on January 8, 2019.

---

[3] FLC activities are any "farm labor contractor activity" as defined by 29 U.S.C. § 1802(6) "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural workers."

21. Defendants shall not, contrary to MSPA §§ 201(b) and 301(b), 29 U.S.C. §§ 1821(b) and 1831(b), and 29 C.F.R. §§ 500.75 and 500.76, fail to post in a conspicuous place readily accessible to covered workers a MSPA poster.

**D. Prohibitions under the H-2A Program and MSPA**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that to ensure Defendants compliance with MSPA and the H-2A program, Defendants, their officers, agents, servants, employees, successors, and all persons in active concert or participation with them shall take the following steps:

*Recruitment of U.S. Workers under the H-2A Program*

22. If Defendants apply for an H-2A certification after the 3-year debarment, Defendants must engage in recruiting and hiring efforts that are customary in the area of intended employment of H-2A workers and for the type of position, including contacting FLCs to meet their labor needs, and comply with all applicable laws including 20 C.F.R. § 655.154;

    a. When Defendants contact FLCs, Defendants shall keep written records of FLC's name, the FLC's Number of Certificate of Registration, date FLC was contacted for work, and whether the FLC accepted or rejected Defendants' offer for work. Defendants shall maintain these records for three years and make them available to the Wage and Hour Division upon request.

23. Defendants shall purchase radio advertisements in English and Spanish to announce available jobs at least 30 days before Defendants submit their ETA Form 790 to the appropriate State Workforce Agency ("SWA"). The advertisements shall run at least once a week. The advertisements shall include the telephone number referenced in ¶ 24 for workers to apply to the job. Defendants shall run these advertisements at least until the H-2A worker's first workday or advertised contractual first date of need. Defendants shall maintain documentation for two years to show that they purchased the advertisements and make it available to the Wage and Hour Division upon request.

24. At least 30 days before Defendants submit their ETA Form 790 to the appropriate SWA, they shall establish at least one phone number for potential applicants to call and apply for

the positions available. Defendants shall keep a log of all callers, including their name, telephone number, position sought, and whether a position was offered. Defendants shall keep this phone line opened at least until the H-2A worker's first workday or advertised contractual first date of need. Defendants shall maintain this call log for three years and make it available to the Wage and Hour Division upon request.

25. Defendants shall comply with ¶¶ 22 – 24 for five years after entry of this Consent Judgment.

*Video for H-2A Workers*

26. If Defendants apply for an H-2A certification after the 3-year debarment, Defendants shall create a video in Spanish and shall provide a transcript of the video to the Secretary by e-mailing the transcript to Brandon Nuess, Assistant District Director, at Nuess.Brandon@dol.gov. The Secretary shall provide any feedback on the transcript within 15 days of receipt of the transcript. Defendants will agree to make the changes and edits suggested by the Secretary. The video shall include the following:

  a. Cities and states where employees will be performing work;
  b. Before workers receive their visa, workers must receive information regarding the working conditions and terms of employment about the job offered;
  c. Housing is free and housing must be habitable;
  d. Transportation to the fields is free and vehicles used must be safe and properly maintained;
  e. Employees will be provided with the tools and equipment to perform their work free of charge;
  f. Employees are protected from retaliation;
  g. Contact information for the Department of Labor, EMPLEO, and Defendants' employee hotline referenced in ¶ 29.

27. Defendants shall provide this video to any employees or agencies recruiting potential H-2A workers for Defendants. Defendants shall require its employees or recruiting

agencies to show the video to all potential H-2A workers before the worker attends the visa interview with U.S. Consulate.

### *Annual Training under MSPA and H-2A*

28. For three years, Defendants shall permit the Secretary to provide annual trainings on worker rights and protections on MSPA and the H-2A Program for all Defendants' supervisors and foremen, and all of the FLCs' supervisors.

    a. The training on MSPA shall occur once after entry of this Consent Judgment;

    b. The training on H-2A shall occur if Defendants apply for an H-2A certification after the 3-year debarment. This training shall occur once after each Defendant has received an H-2A certification. The first training shall occur before H-2A workers are scheduled to arrive to the U.S.;

    c. Defendants shall require all of their supervisors and foremen to attend these trainings and shall invite each FLCs' supervisors to attend these training;

    d. Defendants shall provide possible dates for these trainings to the DOL at least 3 weeks in advance of any proposed training with the contact information of Defendants' representative to call for scheduling the training session. Defendants will arrange the location to hold these trainings. Defendants will provide possible dates to Brandon Nuess, Assistant District Director, at Nuess.Brandon@dol.gov.

### *Employee Hotline for H-2A and MSPA workers*

29. Within one year of entry of this Consent Judgment, Defendants shall establish and maintain for five years a phone number(s) that is available exclusively to H-2A workers and U.S. workers, including workers hired by FLCs, to call anonymously to raise concerns or complaints about their working, transportation, and housing conditions.

    a. Defendants must keep a written record of (1) the date each worker called, (2) the workers' complaint or concern, (3) the date each call was returned, if a number was provided, and (4) the response/action taken by Defendants;

  b. Defendants shall also provide the number for the hotline to all workers at time of hire. Defendants may comply with this provision by requiring their FLCs in writing to provide the number for the hotline to all workers at time of hire.

  c. Defendants shall provide the number for the hotline to Brandon Nuess, Assistant District Director, at Nuess.Brandon@dol.gov;

  d. Defendants shall maintain the records listed in ¶ 29(a) for three years and make them available to the Wage and Hour Division upon request.

*Transportation under MSPA*

30. For five years after entry of this Consent Judgment, Defendants shall require in writing that all FLCs who furnish agricultural workers are transportation authorized and are compliant with the transportation and safety requirements established by MSPA.

  a. These FLCs, must upon being hired and at a reasonable time thereafter, provide Defendants the VIN of any vehicle owned or leased by the FLC that is used to transport workers, a list of designated drivers, proof that each designated driver possess the appropriate driver license, a copy of each driver's medical exam, and proof the FLCs maintain business auto liability insurance that is no less than the amount set forth in 29 C.F.R. § 500.121.

31. For five years after entry of this Consent Judgment, Defendants shall require each FLC to have each employee who will work at Defendants' farm to indicate whether the FLC employee will require FLC provided transportation to perform services for Defendants. Defendants shall provide each FLC with the attached form, Exhibit B to provide to the employees. Defendants shall maintain a copy of these forms for two years and make them available to the Wage and Hour Division upon request.

32. For five years after entry of this Consent Judgment, Defendants shall require in writing that all FLCs retained by a Defendant commit to their compliance with MSPA. For a period of three years after entry of this Consent Judgment, Defendants will conduct random and unannounced audits at each job location at the peak time and end of the year as described in this paragraph.

a. Defendants shall conduct at least 2 random and unannounced audits on at least 4 FLCs at each location, or as many as are present. The field audit process for FLCs will be as follows:

    i. Defendants shall identify a team of people ("Audit Team") to conduct the audit and on the selected day of the audit, the Audit Team should review the prior date's time records to identify all contractors performing work for Defendants.

    ii. For each crew performing work, the Audit Team will interview at least 4 workers per crew.

    iii. Any workers should be interviewed away from the presence of their crew leader, foreman or supervisor, and should be asked the following:

        1) How did you get to work?

        2) Do you have any concerns with the safety of the vehicle you came in, and if so, what are they?

        3) Did you have to pay a fee for the ride to the field, and, if so, how much?

        4) How much are you paid?

        5) Are you paid what you were promised when they offered you the job?

        6) Have you been paid all of your wages, including for waiting time?

b. Defendants shall inform the FLCs of any MSPA compliance issues revealed by the monitoring and corrective action recommended, including the immediate payment of any unpaid wages.

c. Any and all records created during the audits shall be maintained for a period of three years and made available to the Wage and Hour Division upon request.

///

*Notices for H-2A and MSPA workers*

33. Defendants shall distribute the following notices to Defendants' covered employees for a period of 3 years: (1) Notice of H-2A workers' rights under federal law, (2) Notice of US workers' rights under the H-2A program, and (3) Notice of US workers' rights under MSPA.

    a. Defendants shall distribute the Notices attached as Exhibits C and D to all U.S. employees and workers provided by FLCs, as follows:

        i. Defendants shall distribute the Notices to all of their U.S. workers within 20 days of entry of this Consent Judgment. In the event one of the Defendants is not currently employing U.S. workers, the Notices for these workers shall be distributed at the beginning of the next season in 2019.

        ii. Defendants shall distribute these Notices at least once a year during peak time for the remaining two years.

        iii. Defendants shall staple or enclose the Notices to the employees' paychecks and post the Notices in a conspicuous place for U.S. workers to see.

        iv. Defendants shall require any FLCs with whom Defendants contract to distribute the Notices to their workers as directed in ¶¶ (a)(i)-(iii) above.

    b. If Defendants apply for an H-2A certification after the 3-year debarment, then Defendants shall distribute the Notices attached as Exhibits E to all H-2A employees as follows:

        i. Defendants shall distribute the Notices on the H-2A workers' first workweek in the United States by stapling or enclosing the Notice to the employees' paychecks and posting the Notices in a conspicuous place for H-2A workers to see.

ii. Defendants shall distribute these Notices at least once a year during peak time for the remaining two years.

iii. Defendants shall require any agent, company, or recruiter that recruits H-2A workers for Defendants to provide the Notices to the workers before the worker attends his visa interview with the U.S. Consulate.

*Prohibition on Retaliation and Kickbacks*

34. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, MSPA, or the H-2A program. Defendants shall also not accept, or receive from any employee, directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this consent judgment, MSPA, or the H-2A program. Defendants shall also not discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has cooperated with the Secretary's investigation, testified against Defendants, or received or retained money due to him from Defendants under the provisions of this judgment, MSPA or the H-2A program.

## II. **MONETARY RELIEF**

**JUDGMENT IS HEREBY ENTERED** in the amount of $3.5 million against Defendants Munger Bros., LLC, Crowne Cold Storage, LLC, and Sarbanand Farms, LLC, jointly and severally, and in favor of the Plaintiff, Secretary of Labor. Defendants agree that this amount is considered a debt to the United Sates. Defendants shall pay this amount as set forth below.

35. **IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants, jointly and severally, shall pay to the Secretary the aforementioned sum of $3.5 million, under the H-2A program, 8 U.S.C. § 1188(g)(2). This amount encompasses the back wages owed to employees in Exhibit A for the Subject Period under the H-2A Program and the Civil Money Penalties assessed by the U.S. Department of Labor for Defendants' violations and finally determined.

36. Defendants shall satisfy the monetary provisions of this Consent Judgment as set forth below.

   a. Defendants shall deliver all checks and documents required by this Consent Judgment to District Director Cesar Avila, 2800 Cottage Way, Suite W-1836, Sacramento, CA 95825 or make a payment through pay.gov.

   b. Defendants shall cause to be delivered to the address listed in ¶ 35(a) a certified or cashier's check or money orders payable to "Wage & Hour Div., Labor" for the following three payments:

      i. 30 days after entry of this Consent Judgment, Defendants shall deliver a payment of $1.25 million. The words "Munger, Crowne, & Sarbanand/BWs" must be shown in the memo line.

      ii. On or before April 15, 2020, Defendants shall deliver a payment of $1.25 million. The words "Munger, Crowne, & Sarbanand/BWs" must be shown in the memo line.

      iii. On or before September 15, 2020, Defendants shall deliver a payment of $1 million. The words "Munger, Crowne, & Sarbanand/CMPs" must be shown in the memo line.

   c. Defendants shall assist and cooperate with the Wage and Hour Division with the distribution of back wages when requested by the Wage and Hour Division.

   d. The Secretary shall allocate and distribute the back wages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts.

37. The parties represent that Defendants, jointly and severally, will pay the sum of $ 44,227.44 in back wages and civil money penalties under MSPA §§ 202(a), 302(a), 503, 29

U.S.C §§ 1822(a), 1832(a), and 1853. This amount encompasses the back wages owed to employees in Exhibit A for the Subject Period under MSPA.

### III. MISCELLANEOUS PROVISIONS

38. Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

39. Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor, Wage and Hour Division.

40. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree. The Plaintiff agrees that it will not oppose Defendant's motion to modify the Consent Judgment to lift the permanent injunctions herein if it is filed at least five years after entry of the Consent Judgment, and Defendants have complied with this Judgment.

**IT IS SO ORDERED.**

DATE: November 19, 2019

_____
Troy L. Nunley
United States District Judge

Dated: 11/15/2019

\_\_/s/_____
WILLIAM M. WOOLMAN
*Attorney for Munger Bros., LLC, Crowne Cold Storage, LLC, and Sarbanand Farms, LLC*

Dated:

\_/s/_____
BALDEV MUNGER
*On behalf of Munger Bros., LLC, Crowne Cold Storage, LLC, and Sarbanand Farms, LLC*

Dated: 11/18/2019

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

ANDREW SCHULTZ
Senior Trial Attorney

\_\_\_/s/_____
VERÓNICA MELÉNDEZ
Trial Attorney
Attorneys for Plaintiff, U.S. Secretary of Labor